**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN V. GOUGH, JR. | : | |
|     Plaintiff | : | |
| v. | : | CIVIL ACTION NO. DKC-16-447 |
| CALVERT COUNTY CIRCUIT COURT, et al., | : | |
| | : | |
|     Defendants | | |

**MEMORANDUM OPINION**

John V. Gough, Jr., a resident of Washington, D.C., has filed a civil rights Complaint under 42 U.S.C. § 1983. Gough seeks money damages and a new trial,[1] complaining that "the court in Prince Frederick, Maryland was not impartial" and that his rights under the Sixth Amendment were violated. He also complains that he can no longer own a firearm in violation of the Second Amendment and that his right to vote was taken from him, in violation of the Fifteenth Amendment. ECF No. 1 at 2-3.

On February 22, 2016, Gough was ordered to submit an amended complaint and provide a filing fee or move for leave to proceed in forma pauperis.[2] (ECF No. 2). Gough has complied. He names Calvert County Circuit Court Judge Marjorie L. Clagett for her role in a trial that resulted in his February 6, 2001 convictions for parental child abuse and third-degree sex offense. *See State of Maryland v. John Vernon Gough, Jr.,* Case No. 04K00000122 (Cal. Co.

---

[1] This court cannot order a new trial in the context of a civil rights action. Gough may be able to attack his conviction in federal court by way of a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. The court expresses no opinion as to the merits of such claim.

[2] In that order, the undersigned dismissed the Calvert County Circuit Court, as it is not a "person" subject to suit under 42 U.S.C. § 1983. (ECF No. 2 at 1, 2).

Cir. Ct.).[3]  Gough also names as Defendants Sarah E. King-Servi, without specifying her role in his arrest or conviction, as well as several unnamed individuals, including members of the jury and the State's forensic witness.  He also names Elunda Hawkins and Tyrone Johnson, who testified against him.  (ECF No. 3 at p. 2).

Gough claims that the circumstances surrounding his trial had "the explicit hint of conspiracy, corruption and jury tampering because of what I actually heard and seen [sic] while in the courthouse in January 2000," but provides no detail.  He states that Johnson and Hawkins committed perjury and that Judge Clagett "carried out the order for payment to these individuals to have a guilty verdict…"  (ECF No. 3 at pp. 2-3).  He states that jury was paid to find him guilty.  (*Id.* at p. 3).

**Analysis**

The court first shall examine Gough's allegations against Judge Clagett.  Judges are immune from "liability for damages for acts committed within their judicial jurisdiction." *Imbler v. Patchman,* 424 U.S. 409, 419 (1976); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Smith v. Nationstar Mortage, LLC, et al.,* 2015 WL 9581802 (D. Md. December 28, 2015).  Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon

---

[3] As best can be gleaned from Maryland's electronic docket, Gough was sentenced to five years of incarceration with all but 18 months suspended and supervised probation.  He subsequently violated probation and was sentenced to reimposition of the five year sentence with all but 19 months suspended, with credit for the 18 months previously served.  Probation was further modified to include participation in anger management classes.

his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335 (1872)).

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether, at the time the challenged action was taken, the judge had subject matter jurisdiction. *Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id*. at 356-57. Here, Judge Clagett was presiding over Gough's criminal trial, and to that extent was clearly acting within her "judicial jurisdiction." His claim that she paid jurors to find him guilty, coming more than fifteen years after his conviction, is unsupported by any factual allegation and is specious at best.

In any event, all Defendants are entitled to dismissal from this action. In *Heck v. Humphrey*, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned, and complaints containing such claims must therefore be dismissed without prejudice. Put another way, Plaintiff's claims for damages cannot be entertained by this court unless he has first successfully challenged his criminal conviction. This has not occurred. In the event that a state court at some point agrees with his assessment of the events surrounding his trial and, as a result, overturns his conviction, he may be able to re-file his constitutional claim for damages at that time. A separate Order dismissing the complaint without prejudice follows.

Date:   April 7, 2016                              /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge